**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-02215-VAP (DTBx)                    Date:  December 23, 2013

Title:   PRIMA PROPERTY, LLC -v- ARIE GRINSTEIN, AN INDIVIDUAL; HANNA BLACK, AN INDIVIDUAL; DAVID KERNS, AN INDIVIDUAL; COURTNEY JAMES, AN INDIVIDUAL; GEORGE MICHEL, AN INDIVIDUAL; ANNETTE MICHEL, AN INDIVIDUAL; AND DOES 1 THROUGH 10, INCLUSIVE

================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

  Marva Dillard                                  None Present
  Courtroom Deputy                              Court Reporter

ATTORNEYS PRESENT FOR                 ATTORNEYS PRESENT FOR
PLAINTIFFS:                                    DEFENDANTS:

  None                                            None

PROCEEDINGS:      MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, SAN BERNARDINO COUNTY (IN CHAMBERS)

   On September 13, 2013, Prima Property, LLC ("Plaintiff") filed a "Complaint for Unlawful Detainer By Purchaser After Nonjudicial Foreclosure Sale" ("Complaint") against Defendants Arie Grinstein, Hanna Black, David Kerns, Courtney James, George Michel, and Annette Michel.  (See Ex. 1 to Not. of Removal (Doc. No. 1).)  On December 3, 2013, Defendant George Michel, appearing pro se, removed the action on the basis of federal question jurisdiction.  (See Not. of Removal at 11-27.)

   Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth

EDCV 13-02215-VAP (DTBx)
PRIMA PROPERTY, LLC v. ARIE GRINSTEIN, ET AL
MINUTE ORDER of December 23, 2013

Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

　　　　Defendant alleges the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331.  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Without a federal question, there is no federal question jurisdiction.  Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

　　　　**IT IS SO ORDERED.**